**WESTERN PUBLISHING COMPANY, INC., Plaintiff,**

v.

**LOCAL 254, GRAPHIC ARTS INTERNATIONAL UNION, et al., Defendants.**

No. 73–C–259.

United States District Court, E. D. Wisconsin.

Aug. 7, 1974.

Foley & Capwell by Rex Capwell, Racine, Wis., George P. Blake and Arthur B. Smith, Jr., Chicago, Ill., for plaintiff; Vedder, Price, Kaufman & Kammholz, Chicago, Ill., of counsel.

Cotton, Watt, Jones, King & Bowlus by Russell Woody, Chicago, Ill., and Atty. Daniel L. Shneidman, Milwaukee, Wis., for defendants.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

This is an action under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, in which the plaintiff, Western Publishing Company, Inc., seeks damages and injunctive relief with respect to a claimed "partial strike" or "work stoppage and slowdown."

Western claims that it is entitled to summary judgment because

"[t]he answer filed by the Defendant Local 254 admits that on May 14, 1973,

employee members of Local 254, upon consultation with and advice of Local 254, refused to perform [what they claim is struck] work assigned by Western."

Article 18 of the parties' collective bargaining agreement provides that "[t]he Union through its officers will inform or advise the company and its membership as to struck work." Nevertheless, Western's position is that the issue whether the work in question is "struck work"—which employees may refuse to perform under Article 18—is subject to the "grievance procedure-arbitration" provisions set forth at Article 24. Western maintains that, regardless of whether such work is "struck work", the refusal by Local 254 member employees to perform such assignments violates the "no strike" provisions of Article 23 as well as the "grievance procedure-arbitration" provisions, thus giving it a right of recovery against the defendant.

Western appears to attach significance to the fact that the Local 254 member employees in question have not invoked the arbitration procedure by filing a grievance. At this point, however, the record indicates that the defendant union and its member employees have no grievance. Indeed, until now, Western has acquiesced in the "partial strike."

Were it to attempt to discipline any of the member employees for refusing to perform the alleged "struck work" assignments, Western would, in effect, trigger the relevant "grievance procedure-arbitration" provisions, the terms of which are geared entirely toward redressing *employee* grievances. Until battle is joined, therefore, the dispute settlement procedure set forth in Article 24 does not come into play. In my opinion, it would be inappropriate for this court to compel the parties to engage in a dispute settlement procedure which the plaintiff could itself trigger.

Based on what the plaintiff recites to be the undisputed facts, a cause of action is not stated against the defendants. In my opinion, Article 18 of the parties' collective bargaining agreement, which specifically provides that member employees need not perform "struck work", comes within the ". . . except as otherwise provided under this contract" language of the "no-strike" provision, Article 23. As noted, Article 18 entitles the defendant Local 254 to advise employee members of the existence of the claimed "struck work." In addition, Article 19 provides that:

"[i]n the event the Company requests any employee to handle any work described in the Struck Work clause, the Union, in addition to the other rights and remedies the employees and the Union have under this contract or the law, shall have the right in its discretion to terminate the contract forthwith by giving written notice to the Company."

Given the existence of these specific contractual provisions, it is clear that the defendants' conduct to date is not actionable under § 301 and that the requisite circumstances do not as yet exist for the "grievance procedure-arbitration provisions" to come into play.

In the event that Western disciplines a member employee for his refusal to perform the claimed "struck work", such employee could file a grievance pursuant to Article 24. The issue whether the challenged assignment is "struck work" would then be ripe for resolution pursuant to the procedure outlined therein.

Were the Union's response to such disciplining by Western of a member employee to take the form of a strike (instead of utilizing the grievance arbitration procedure set forth in Article 24), such action would appear to violate the general "no-strike" provision, Article 23; in that event, Western would appear to have standing to bring a § 301 action for damages and injunctive relief to compel arbitration. It should be noted, however, that employee members could refuse to perform the alleged struck work pending the outcome of a grievance arbitration test case without fear of violating the "no-strike" provision.

Therefore, it is ordered that the plaintiff's motion for summary judgment be and hereby is denied.

It is also ordered that summary judgment be and hereby is granted in favor of the defendants.

It is further ordered that this action be and hereby is dismissed.